UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SHANNON O. MURPHY,

    Plaintiff,

    v.

DEPARTMENT OF THE ARMY, et al.,

    Defendants.

_____/

No. C 10-0540 PJH

**ORDER DENYING REQUEST FOR RECONSIDERATION**

    Before the court is plaintiff's request for reconsideration of the court's order of dismissal and judgment, entered on April 5, 2010. Plaintiff originally filed a motion for leave to proceed in forma pauperis on February 5, 2010. On March 2, 2010, the court denied the in forma pauperis request and dismissed plaintiff's complaint on the merits for failure to set forth any discernible or actionable legal theories sufficient to state a claim. Plaintiff was given leave to file an amended complaint no later than April 1, 2010. The court entered a final order of dismissal and judgment when plaintiff failed to timely file any amended complaint by the April 1 deadline. Now, plaintiff seeks reconsideration of the court's dismissal and judgment, on grounds that, "due [to] a personal injury problem which has caused serious pain and inconvenience the plaintiff to date 04/01/10," plaintiff will require "more time to amend relevant case." To that end, plaintiff has simultaneously submitted a new amended complaint, and a new request to proceed in forma pauperis.

    Preliminarily, plaintiff has failed to request leave to file a motion for reconsideration, as required prior to the filing of an actual motion for reconsideration such as the one filed here. See, e.g., Civ. L.R. 7-9(a). Furthermore, in view of the existing judgment in the action, plaintiff's motion for reconsideration is also procedurally improper, since a request

for both leave to seek reconsideration and for reconsideration itself must precede entry of judgment in an action.  Rather, the appropriate vehicle through which to request the relief plaintiff seeks is a motion to re-open the judgment under Federal Rule of Civil Procedure 60.

Notwithstanding plaintiff's procedural deficiencies, the court will interpret plaintiff's request for reconsideration as a motion to set aside the judgment, pursuant to Rule 60(b).  Under Rule 60(b), "[t]he court may relieve a party or its legal representative from a final judgment, order, or proceeding" for certain specified reasons, including "mistake, inadvertence, surprise, or excusable neglect...".  <u>See</u> Fed. R. Civ. Proc. 60(b).

Here, plaintiff has failed to adequately demonstrate that any mistake, inadvertence, surprise, or excusable neglect justifies plaintiff's failure to timely file an amended complaint.  Plaintiff states only that he has "a personal injury problem" that has caused "serious pain and inconvenience" to April 1, 2010.  Critically, however, plaintiff does not state what that injury problem was, when it occurred, the nature of any inconvenience to plaintiff, or explain the manner in which such pain or inconvenience prevented plaintiff from complying with the court's order.  Nor is any evidence submitted in support of plaintiff's showing, notwithstanding a curt reference to the "Hilltop Chiropractic & Wellness Center."  Having thus failed to make a satisfactory showing, plaintiff has not stated any grounds that would allow the court to grant plaintiff's request pursuant to Rule 60(b).

Moreover, it is also worth noting that, even if the court were to find plaintiff's showing under Rule 60(b) sufficient and grant the motion to re-open the judgment and vacate it in order to allow plaintiff to proceed with the filing of his amended complaint, plaintiff's amended complaint remains fatally deficient.  Although plaintiff's amended complaint duly sets forth separate causes of action that are properly labeled as fraud, general negligence, discrimination, and unfair business practice claims, plaintiff's complaint nonetheless fails to specifically identify the statutory, constitutional, or military laws that form the basis of plaintiff's complaint, or the specifics of the conduct alleged to violate those laws.  Nor does

the amended complaint allege any exhaustion of available intraservice remedies, to the extent appropriate.  Most significant, plaintiff's complaint continues to lack any allegations that specify with sufficient detail the wrongful conduct allegedly undertaken by each particular defendant.  Thus, even if plaintiff's motion under Rule 60(b) were successful, plaintiff's amended complaint would still fail to cure the deficiencies previously identified by the court.

In sum, however, and for all the foregoing reasons, plaintiff's request for reconsideration is hereby DENIED, and the previously entered dismissal and judgment remain effective.  To the extent plaintiff's request is accompanied by a separately filed application to proceed in forma pauperis and amended complaint, the in forma pauperis application is DENIED as moot in view of the existing judgment in this case, and the amended complaint, having been improperly filed, is hereby STRICKEN from the record,

**IT IS SO ORDERED.**

Dated: April 16, 2010

_____
PHYLLIS J. HAMILTON
United States District Judge

3